UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ROBERT JOSEPH O'NEILL, JR., :
:
        Plaintiff, :
:
        v. : No. 2:16-cv-05899
:
NANCY ANN BERRYHILL,[1] :
Acting Commissioner of the Social Security :
Administration, :
:
        Defendant. :
_____

# ORDER

**AND NOW**, this 17th day of August, 2018, upon consideration of Plaintiff's Complaint, ECF No. 1, Defendant's Answer, ECF No. 7, the Administrative Record, ECF No. 8, Plaintiff's Brief and Statement of Issues in Support of Request for Review, ECF No. 11, Defendant's Response to Request for Review, ECF No. 12, Plaintiff's Reply Brief, ECF No. 13, and the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, ECF No. 16,[2] **IT IS ORDERED THAT**:

---

[1]     Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Berryhill should be substituted for the former Acting Commissioner, Carolyn Colvin, as the defendant in this action. No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991). *See also Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016) (holding

1. This case is **REMOVED** from the Civil Suspense Docket and is **RETURNED** to the active docket;[3]

2. The Report and Recommendation, ECF No. 16, is **APPROVED and ADOPTED**;

2. Plaintiff's Request for Review, ECF No. 11, is **GRANTED** and the matter is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings; and

3. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

that even when objections are filed, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

[3] The Court transferred this case to the Civil Suspense Docket in February 2018. ECF No. 15.